STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CALVIN C. DANIELS,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0080** (BOR Appeal No. 2049642)
               (Claim No. 2010136022)

**PINE RIDGE COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Calvin C. Daniels, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pine Ridge Coal Company, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 30, 2014, in which the Board affirmed a July 31, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 16, 2014, decision denying authorization for outpatient right shoulder debridement or repair of the labrum, biceps release, rotator cuff repair or debridement, distal clavicle excision, and decompression. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Daniels, a coal miner, sustained a right shoulder injury in the course of his employment on May 11, 2010, while lifting and hanging power supply cable. A February 8, 2011, MRI showed a partial thickness tear of the far anterior portion of the supraspinatus, mild to moderate acromioclavicular arthropathy, early vertical tear of the biceps, and probable developing tear of the posterior superior labrum. Mr. Daniels underwent a right shoulder arthroscopy, debridement of a labral tear, debridement of a partial rotator cuff tear, subacromial

1

decompression, and distal clavicle excision to treat the injury on March 28, 2011. Three months later, an independent medical evaluation was performed by Syed Zahir, M.D. He noted that Mr. Daniels originally injured his shoulder on May 11, 2010, and then reinjured it on January 18, 2011. He diagnosed partial rotator cuff tear, right shoulder impingement syndrome, arthritis, acromioclavicular joint, and labral tear. Dr. Zahir opined that Mr. Daniels was not at maximum medical improvement and recommended a right shoulder injection and an exercise program. Another MRI was performed on December 9, 2011. It showed no evidence of a recurrent rotator cuff tear but it did reveal a posterior superior labral tear, postsurgical changes, and subdeltoid bursal and subacromial effusion. Mr. Daniels underwent a second surgery on March 6, 2012, to repair a partial rotator cuff and labral tear.

A third MRI was taken on February 5, 2013, which showed postoperative changes, fluid compatible with bursitis, supraspinatus tendinopathy without a definite tear, and subscapularis tendinopathy without a specific tear. A few months later, Dr. Zahir again performed an independent medical evaluation. He assessed rotator cuff pathology, right shoulder with residual stiffness, right shoulder; cubital tunnel syndrome, right elbow with entrapment neuropathy, ulnar nerve; bilateral carpal tunnel syndrome, wrist; synovitis, flexor tendon; and symptomatic right wrist. He opined that the right forearm/hand injury was a major precipitating factor in the symptomatology seen in the right elbow and wrist. He recommended decompression of the cubital tunnel and carpal tunnel. He also stated that the right shoulder stiffness may require manipulation of the shoulder under anesthesia.

Mr. Daniels was treated for his right shoulder injury by Robert Pennington, M.D. In August of 2013, Dr. Pennington indicated Mr. Daniels had right shoulder complaints and median nerve and ulnar nerve compression. Dr. Pennington diagnosed right shoulder pain with MRI evidence of tendinopathy, severe ulnar nerve compression in the right elbow, median nerve compression in the right wrist, and depression. On October 7, 2013, Mr. Daniels's symptoms had progressed. It was noted that he had both left and right cubital and carpal tunnel syndrome. In February of 2014, Dr. Pennington noted continued localized pain over the anterolateral aspect of the right shoulder. He recommended arthroscopy of the right shoulder for diagnosis of possible pathologies involving the labrum, biceps, and rotator cuff as well as impingement and acromioclavicular arthritis. He stated the procedure would be right shoulder debridement or repair of the labrum, biceps release, rotator cuff repair or debridement, distal clavicle excision, and decompression. On February 21, 2014, Dr. Pennington stated that he reviewed a recent MRI and found acromioclavicular arthritis and impingement. He also found subscapularis insertional abnormalities in addition to significant changes of the supraspinatus. He also opined that there were findings of biceps and labral pathology and that the absence of clear findings on MRI does not exclude them as they are often diagnosed intraoperatively. He noted that Mr. Daniels continues to have pain in his left shoulder as well as his right shoulder, which is a separate issue. Dr. Pennington stated that Mr. Daniels had left shoulder impingement, acromioclavicular arthritis, and suspected supraspinatus and labral biceps pathology, all of which are likely to require surgery, which he recommended.

Jeffrey Bogosian, M.D., performed a peer review and examination of Mr. Daniels. He ultimately opined that the requested surgery is not medically necessary. He stated that Mr.

Daniels had prior right shoulder surgeries and a lack of conservative treatment. He noted ongoing complaints of right shoulder night and day pain. He stated that the exam revealed multiple areas of tenderness, restricted range of motion, and guarding which made the exam difficult. He found that there was no documentation of conservative treatment including either physical therapy or cortisone injections. He stated that Mr. Daniels had two prior shoulder surgeries and the original injury was four years prior. Dr. Bogosian found no indication of re-injury since the most recent surgery. He also noted that cervical spine pathology should be ruled out.

The claims administrator denied Dr. Pennington's request for surgery on April 16, 2014. The Office of Judges affirmed the decision in its July 31, 2014, Order. The Office of Judges determined that Dr. Pennington failed to adequately explain the reasonableness and necessity of the requested right shoulder surgery. It was noted that his most recent treatment note of April 21, 2014, cited injuries to the left shoulder and his February 7, 2014, note cited bilateral shoulder pain. Nevertheless, the Office of Judges found that Dr. Pennington did not participate in the peer review report which would have given more insight into his request. The Office of Judges stated that this is a four year old injury with a history of failed surgeries. Without further explanation of the necessity of the requested surgery, it held that the request was not reasonable and related to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 30, 2014.

Mr. Daniels argues on appeal that the requested surgery is reasonably necessary. He asserts that the denial was unreasonable because Dr. Pennington's treatment notes mistakenly confused the left and right shoulder. He further argues that his left shoulder problems do not negate the necessity of right shoulder surgery.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Dr. Pennington requested right shoulder surgery but failed to adequately causally connect the necessity of the surgery to the compensable injury. Dr. Bogosian opined in his peer review that the surgery was not necessary and required to treat the compensable injury. Mr. Daniels has had two prior shoulder surgeries and the original injury was four years prior. Given the lack of a clear explanation for the requested surgery, the Board of Review did not err by affirming the Office of Judges' Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 4, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II